# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**FILED**

**June 11, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **C.J. and J.K.**

**No. 18-0154** (Ohio County 16-CJA-146 and 147)

## MEMORANDUM DECISION

Petitioner Mother M.K., by counsel Gerasimos Sklavounakis, appeals the Circuit Court of Ohio County's January 18, 2018, order terminating her parental rights to C.J and J.K.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Joseph J. Moses, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court abused its discretion by denying her motion to extend her post-adjudicatory improvement period, denying her motion for a post-dispositional improvement period, and terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2016, the DHHR filed a petition alleging that petitioner consistently abused controlled substances, used family resources to purchase drugs, left the children in the care of her boyfriend who was previously adjudicated as an abusing parent, and failed to provide adequate food and shelter for the children. Further, the DHHR alleged that petitioner told her boyfriend she was going to a substance abuse treatment facility, but never actually reported to that facility. The DHHR alleged that petitioner was missing for some time. Later, it was discovered that petitioner had an allergic reaction to a medication and was induced into a medical coma. The circuit court held a preliminary hearing and found sufficient evidence of imminent danger to the children.

Petitioner stipulated to the allegations of drug abuse in December of 2016 and was adjudicated as an abusing parent. Petitioner moved for a post-adjudicatory improvement period and the circuit court granted her motion. The terms of petitioner's post-adjudicatory

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

improvement period included random drug screens, a long-term drug treatment program, individualized therapy, parenting and adult life skills classes, mental health treatment, and weekly contact with her case worker.

The circuit court held a review hearing in April of 2017, where the DHHR alleged that petitioner was noncompliant with the terms of her improvement period. Petitioner tested positive for marijuana on multiple drug screens and, as a result, her visitations with the children were suspended. Further, a provider cancelled petitioner's services due to petitioner's nonparticipation in those services. Petitioner reported recent health issues that required hospitalization. A second review hearing in May of 2017 revealed the same issues, including positive drug screens and failure to treat her mental health issues. Petitioner ultimately moved to extend her post-adjudicatory improvement period. However, the hearing for that motion was continued because petitioner was involuntarily committed to a mental hospital.[2]

The circuit court held two dispositional hearings in October and November of 2017. Petitioner moved for a post-dispositional improvement period and the DHHR moved for termination of her parental rights. In support of her motion, petitioner presented the testimony of a clinical psychologist from Northwood Health Systems. The psychologist testified that petitioner suffered from long-standing bipolar disorders. Given those disorders, the psychologist testified that it was difficult to reach a prognosis and he could not predict when petitioner's recovery would progress.

Ultimately, the circuit court found that petitioner did not successfully complete her post-adjudicatory improvement period. Petitioner did not attend all drug screens as required and tested positive when she did attend; her supervised visitations were suspended as a result. Petitioner also did not fully participate in the services provided to her. Finally, the circuit court found that petitioner did not successfully treat her substance abuse issues or her mental health conditions to the point of reaching stability. As a result, the circuit court found that there was no reasonable likelihood that petitioner would substantially correct the conditions that led to the abuse and neglect of her children and that it was in the best interest of the children to terminate her parental rights. Accordingly, the circuit court terminated petitioner's parental rights by its January 18, 2018, order. Petitioner now appeals that order.[3]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the

---

[2]The dispositional order notes that petitioner was incarcerated on allegations that she "threatened a woman." Petitioner was committed to William R. Sharpe Jr. Hospital while she was incarcerated.

[3]The respective fathers of C.J. and J.K. both participated in pre-adjudicatory improvement periods and were ultimately dismissed from the case. According to the parties, the permanency plan of the children is continuation in their fathers' custody with ongoing sibling visitation.

facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

First, petitioner argues that the circuit court abused its discretion in denying her motion to extend her post-adjudicatory improvement period where petitioner was unable to substantially comply with the terms of that improvement period due to unexpected delays. Petitioner asserts that she informed the circuit court of her recent health issues in April of 2017, that required hospitalization and which rendered her incapable of participating for some time. Further, petitioner asserts that she was incarcerated in June of 2017, which again led to her inability to participate. Upon our review of the record, we disagree.

Pursuant to West Virginia Code §49-4-610(6), "a court may extend any improvement period granted pursuant to subdivision (2) . . . when the court finds the respondent has substantially complied with the terms of the improvement period[.]" Although petitioner argues that unexpected delays caused her noncompliance, petitioner was noncompliant for three months prior to April of 2017. The record clearly indicates that certain services were cancelled due to petitioner's noncompliance before her hospitalization in April of 2017. Similarly, the record does not reflect that petitioner began participating between her hospitalization and her incarceration. Also, petitioner continued to test positive for controlled substances throughout that time. Finally, petitioner does not take issue with the circuit court finding that she did not substantially comply with the terms of her improvement period. Accordingly, we find petitioner is entitled to no relief.

Second, petitioner argues that the circuit court abused its discretion by denying her motion for a post-dispositional improvement period because she experienced a substantial change in circumstances. Petitioner asserts that she was participating in inpatient therapy, which was a substantial change from earlier in her post-adjudicatory improvement period. We disagree.

The statute governing post-dispositional improvement periods, West Virginia Code § 49-4-610(3), provides that "the court may grant an improvement period . . . when: [a] respondent demonstrates, by clear and convincing evidence, that the respondent is likely to fully participate in the improvement period." Additionally, West Virginia Code § 49-4-610(3)(D) states that when a respondent has previously been granted an improvement period the respondent must demonstrate "that since the initial improvement period, the respondent has experienced a substantial change in circumstances. Further, the respondent shall demonstrate that due to that change in circumstances, the respondent is likely to fully participate in the improvement period[.]" Moreover, the decision to grant or deny an improvement period rests in the sound

discretion of the circuit court. *See In re M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period").

The circuit court did not abuse its discretion in denying petitioner's request for a second improvement period because petitioner did not demonstrate that she would substantially comply with the terms of such an improvement period. The circuit court found that petitioner was noncompliant with the terms of her prior improvement period. Petitioner's alleged substantial change of circumstances is simply compliance with one of the multiple terms that she previously ignored. Further, petitioner's treating psychologist could not provide an opinion as to when her mental health status could improve. Thus, we find that the circuit court did not abuse its discretion by denying petitioner's motion for a post-dispositional improvement period.

The evidence above also supports the circuit court's termination of petitioner's parental rights. Although petitioner argues that the circuit court abused its discretion in terminating her parental rights, the circuit court properly found that there was no reasonable likelihood that the conditions of abuse or neglect could be substantially corrected. Pursuant to West Virginia Code § 49-4-604(b)(6), the circuit court may terminate a respondents parental rights "[u]pon a finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, when necessary for the welfare of the child[.]" Further, West Virginia Code § 49-4-604(c)(3) provides that there is no reasonable likelihood that the conditions of neglect and abuse can be substantially corrected when "the abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts. . . ." The circuit court found that petitioner was offered an opportunity to improve her parenting and that she had not successfully treated her substance abuse issues or her mental health conditions to the point of reaching stability. Petitioner's instability, which was exemplified by leaving her children without notice in the custody of an inappropriate person, was the condition that led to the filing of the petition. Further, petitioner's substance abuse continued to put the children at risk. Accordingly, the circuit court did not abuse its discretion in terminating petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 18, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**: June 11, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

Justice Loughry, Allen H., II suspended and therefore not participating.

4